UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDGAR I. JUSINO,

     Plaintiff,

v.                               Case No.:  8:21-cv-2869-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

Plaintiff Edgar I. Jusino seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a Supplemental Memorandum. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.   Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

On April 7, 2017, Plaintiff filed an application for a period of disability and disability insurance benefits, and on April 10, 2017, Plaintiff for supplemental security income, alleging disability beginning on June 15, 2016. (Tr. 128, 129, 238-47; 251-57). The applications were denied initially and on reconsideration. (Tr. 128, 129, 160, 161). Plaintiff requested a hearing and on April 22, 2019, a hearing was held before Administrative Law Judge Joseph Dent. (Tr. 31-67). On June 5, 2019, ALJ Dent entered a decision finding Plaintiff not under a disability from June 15, 2016, through the date of the decision. (Tr. 12-25). On March 19, 2020, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5).

Plaintiff appealed this decision to the United States District Court and, on the Commissioner's unopposed motion to remand, the court reversed and remanded the action to the Commissioner. (Tr. 1501-1503). On remand, the Appeals Council vacated the prior decision and remanded the case to an administrative law judge to obtain additional evidence on Plaintiff's impairments, give further consideration to Plaintiff's maximum RFC, and obtain evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base. (Tr. 1504-1508). The Appeals Council also directed the administrative law judge to consolidate this claim with Plaintiff's duplicate claim for Title II and Title XVI disability benefits filed on April 6, 2020. (Tr. 1508).

On remand, Administrative Law Judge Lisa Raleigh ("ALJ") held a hearing on July 7, 2021. (Tr. 1336-93). On August 17, 2021, the ALJ entered a decision finding Plaintiff not under a disability from June 15, 2016, through the date of the decision. (Tr. 1313-26). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on December 9, 2021, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 12).

### D.   Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2019. (Tr. 1316). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 15, 2016, the alleged onset date. (Tr. 1316). At step two, the ALJ found that Plaintiff had the following severe impairments: "obesity, diabetes mellitus with peripheral neuropathy, cervical spine and lumbar spine degenerative disc disease, chronic pain syndrome, bilateral knee osteoarthritis, bilateral shoulder osteoarthritis, left shoulder torn rotator cuff, and right elbow tendinitis." (Tr. 1316). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 1319).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except the claimant can stand and/or walk up to four hours per workday, and can sit, stand or walk up to 30 minutes at a time, with a short 1-minute change in position before resuming work. The claimant can frequently use foot controls bilaterally, can occasionally climb stairs, never balance at heights or climb ladders, can occasionally stoop, kneel, crouch, but never crawl, and can have no repetitive rotation, flexion, or extension of the neck. The claimant can occasionally reach overhead bilaterally and frequently reach in all other directions bilaterally. The claimant can frequently handle and finger bilaterally. The claimant can have frequent exposure to extreme cold, extreme heat, wetness, and vibration and can have no exposure to workplace hazards.

(Tr. 1319).

At step four, the ALJ found Plaintiff was unable to perform any past relevant work as a heating and air conditioning installer or servicer. (Tr. 1325). At step five, the vocational expert testified that considering Plaintiff's age (48 years old on the alleged disability onset date), education (at least high school), work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 1325). Specifically, the vocational expert found that Plaintiff could perform such occupations as:

(1)  ticket seller, DOT 211.467-010,[1] light, unskilled

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

(2)   gate attendant, DOT 344.667-010, light, unskilled

(3)   parking lot cashier, DOT 211.462-010, light, unskilled

(Tr. 1325-26). The ALJ concluded that Plaintiff had not been under a disability from June 15, 2016, through the date of the decision. (Tr. 1326).

## II.   Analysis

On appeal, Plaintiff raises the issue of whether the ALJ's RFC findings directly contradict Plaintiff's self-described limitations. (Doc. 15, p. 11). In sum, Plaintiff contends that if his subjective complaints were properly credited, they would establish that he could not meet the basic demands of sustained full-time competitive work. (Doc. 15, p. 11).[2]

A claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity

---

[2] At first blush, Plaintiff also appears to raise the issue that the ALJ failed to properly consider consultative examiner Dr. Yankowski's evaluation. (Doc. 15, p. 13-15). Plaintiff contends that the ALJ "gave no indication of whether he found Dr. Yankowski's opinion to be persuasive." (Doc. 15, p. 14). In Plaintiff's supplemental memorandum, however, Plaintiff concedes that under the new regulations, Dr. Yankowski's evaluation did not constitute an opinion and therefore the ALJ was not required to analyze the persuasiveness of this evaluation. (Doc. 22, p. 3, n.3); *see* 20 C.F.R. §§ 404.1513(a)(2)-(3), 416.913(a)(2)-(3). Thus, Plaintiff has abandoned this issue.

> that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court]

to conclude that the ALJ considered [the claimant's] medical condition as a whole."

*Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

In the decision, the ALJ made these general findings on Plaintiff's subjective complaints:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 1320). The ALJ then summarized Plaintiff's medical history and provided reasons to find Plaintiff's allegations unsupported by the record. (Tr. 1320-1322).

> The claimant's allegations of additional limitations are not supported by the record. First, the claimant's pain appears to be controlled with medication and the claimant has not reported significant side effects. During the entire period under review, the claimant has simply returned to Dr. Jones for renewal of the same medication. While the claimant reported that he did not have resources to pursue other treatment, the claimant is able to fly from Florida to Virginia on a regular basis and there is no evidence that the claimant attempted to seek treatment from any free or sliding fee scale clinic or has been turned away at either the hospital or a physician office because of his inability to pay. In addition, the claimant's imaging has not revealed abnormalities that would support more restrictive limitations. Finally, several times during the past five years, the claimant has exhibited normal gait, intact sensation, and normal strength. I have given the claimant every benefit by providing restrictions consistent with the claimant's most recent consultative examination.

(Tr. 1323).

Plaintiff concedes the June 2017 consultative examination conducted by Bryan Thomas, M.D. had "rather benign" findings and did not support a significant standing or walking limitation. (Doc. 15, p. 13). Plaintiff argues that Krystal Yankowski, D.O.'s September 20, 2020 consultative examination identified many findings consistent with significant standing and walking limitations. (Doc. 15, p. 13-14). Plaintiff claims that the record contains no basis to dispute her examination findings. (Doc. 15, p. 14). Other evidence in the record contradicts Plaintiff's argument.

Preceding the ALJ's discussion of Dr. Yankowski's consultative examination record, the ALJ discussed Plaintiff's June 2017 consultative examination conducted by Dr. Thomas. (Tr. 1320; 506-13). The ALJ noted that at this examination Plaintiff had a steady gait, negative straight leg raise test, normal tandem walking and functional range of motion except for his right shoulder. (Tr. 1320-21).

The ALJ also discussed Plaintiff's June 2020 consultative examination conducted by Adam Greenfield, D.O. (Tr. 1321;1918-24 ). At this examination, Dr. Greenfield found Plaintiff had no pain, swelling, heat, redness, or signs of inflammation of the upper and lower extremities. (Tr. 1321). Nor did he have any abnormal sensory, motor, or reflex responses. (Tr. 1321). Plaintiff also had no muscle spasms with tenderness, no positive straight or seated leg raise tests, no problems with grip strength, dexterity, or fine manipulation with a grip strength of

5/5 bilaterally, and no motor deficits of the upper or lower extremities with a 5/5 strength bilaterally. (Tr. 1321).

The ALJ noted that three months after Dr. Greenfield's consultative examination, in September 2020, Plaintiff attended another consultative examination conducted by Dr. Yankowski. (Tr. 1321; 1937-44). The ALJ discussed Dr. Yankowski's abnormal findings: a slow-wide based gait; reduced strength in the lower extremities; positive straight leg testing; abnormal walking; and reduced range of motion in his lumbar spine, bilateral shoulders, bilateral hip rotation, and left knee flexion. (Tr. 1321). While acknowledging these limitations, the ALJ found no evidence in the record to explain the change in Plaintiff's condition from June 2020 to September 2020 – basically the difference between Dr. Greenfields generally normal findings and Dr. Yankowski's generally abnormal findings. (Tr 1321). The ALJ also noted that a month after Dr. Yankowski's examination, in a November 2020 examination, Plaintiff had no motor deficits and no sensory deficits as well as painless range of motion. (Tr. 1321, 2015). The ALJ asked for an explanation for the discrepancy in the two consultative examinations at the hearing, but none was given. (Tr. 1371-74). The ALJ's statement correctly identified the discrepancy between the examination findings and the lack of an explanation for them. Despite the lack of explanation, the ALJ stated that she provided limitations in the RFC to address Dr. Yankowski's findings.

Moreover, the Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). Substantial evidence supports the ALJ's determination.

Plaintiff next argues that the ALJ failed to consider Plaintiff's excellent work history of nearly twenty-six years. (Doc. 15, p. 15-17). While prior work history is a consideration in evaluating a claimant's subjective complaints, the Eleventh Circuit has not had an occasion to determine whether an ALJ's failure to consider a claimant's lengthy work history in evaluating a claimant's subjective symptoms is erroneous. *See Mahon v. Comm'r of Soc. Sec.*, No. 8:16-cv-1462-T-JSS, 2017 WL 3381714, at *10 (M.D. Fla. Aug. 7, 2017) (citing 20 C.F.R. § 404.1529(c)(3)); *Wilson v. Soc. Sec. Admin., Comm'r*, No. 4:18-CV-00407-JHE, 2020 WL 1285927, at *6 (N.D. Ala. Mar. 16, 2020) (finding that an excellent work history alone may be insufficient to enhance a claimant's credibility, but it does not necessarily result in a remand when not considered by an ALJ as long as the subjective complaint determination is supported by substantial evidence); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("there is no rigid requirement that the ALJ

specifically refer to every piece of evidence in his decision, so long as the ALJ's decision, . . . is not a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.'") (citing *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)). Without binding legal authority, the ALJ's failure to mention Plaintiff's long work history in the decision does not constitute error as long as her subjective complaint consideration is supported by substantial evidence, which it is, and the ALJ considered Plaintiff's medical condition as a whole, which she did.

Plaintiff also argues that the ALJ incorrectly found Plaintiff's pain was controlled with medication. (Doc. 15, p. 17). Plaintiff further argues that the ALJ failed to explain why taking the same medication for years discredits Plaintiff's subjective statements. (Doc. 15, p. 17-18). In the decision, the ALJ generally found that Plaintiff's pain appeared to be controlled with medication, Plaintiff had no reported side effects, and Plaintiff simply returned to his doctor for renewal of the same medications. (Tr. 1323). Plaintiff claims that the ALJ did not specifically mention the medication, but this is incorrect. The ALJ noted that Plaintiff returns to Virginia every three months to see Samuel Jones, M.D. who prescribes the same doses of oxycodone. (Tr. 1320, 1321). The ALJ reasoned that the repeated prescriptions of the same dose of the same medication appears to control Plaintiff's pain because if it did not, Dr. Jones would have tried other medications or other

treatments. (Tr. 1323). Plus, while the ALJ acknowledged that Plaintiff reported he did not have the resources to pursue other treatment, the ALJ noted that Plaintiff had the resources to travel to Virginia repeatedly to seek treatment from Dr. Jones, and also noted that the record contained no indication of an attempt to secure other treatment from a free or sliding fee scale clinic or being turned down for treatment based on inability to pay. (Tr. 1323). The ALJ clearly articulated reasons in support of her findings.

Plaintiff also challenges the ALJ's statement that the imaging did not reveal abnormalities that would support more restrictive limitation. (Doc. 15, p. 18, Tr. 1323). Plaintiff argues that this statement is mere speculation amounting to lay analysis and contradicts the regulation's proscription against relying on only objective evidence. (Doc. 15, p. 18). While the ALJ considered the objective evidence, she did not solely rely on it to evaluate Plaintiff's subjective complaints. The ALJ also considered other evidence of record such as Plaintiff's subjective allegations along with the objective medical evidence in finding his allegations of additional limitations unsupported by the record. The ALJ did not err in this consideration.

Relatedly, Plaintiff also challenges the ALJ's finding that several times in the past five years, Plaintiff exhibited normal gait, intact sensation, and normal strength. (Doc. 15, p. 18; Tr. 1323). Plaintiff claims that the ALJ ignored the other times when

Plaintiff exhibited abnormal examinations. (Doc. 15, p. 18-19). The ALJ correctly noted that at some examinations, Plaintiff exhibited generally normal findings. Contrary to Plaintiff's argument, the ALJ did not ignore the abnormal findings and considered and included those in the decision as well. (*See* Tr. 1320-24).

In sum, the ALJ articulated explicit and adequate reasons for finding Plaintiff's subjective statements on the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical and other evidence of record. The ALJ's decision is supported by substantial evidence and she applied the correct legal standard.

## III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 21,2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties